UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

THOMAS KEVIN MOORE,

     Plaintiff,

v.                                                                    Hon. Hala Y. Jarbou

GRETCHEN WHITMER, et al.,                          Case No. 1:24-cv-403

     Defendants.

_____/

## REPORT AND RECOMMENDATION

Plaintiff, proceeding pro se, filed his complaint in this action on April 19, 2024, against Gretchen Whitmer, Governor of the State of Michigan, and Dana Nessel, incorrectly named in the complaint as Dana Nessels, Attorney General for the State of Michigan. On April 22, 2024, I granted Plaintiff's motion to proceed as a pauper. (ECF No. 4.) Plaintiff alleges that Michigan's Governors, Attorney Generals, and attorneys have been improperly allowing nolo contendere pleas to felony charges for years because at common law, a plea of nolo contendere was permitted only for certain misdemeanors and not for felony charges. As authority, Plaintiff cites *People v. Franchi*, 3 Mich. App. 511 (1966). (ECF No. 1 at PageID.3–4.) Plaintiff alleges that at some time in the past, with the assistance of appointed counsel, he pled nolo contendere to a felony charge and apparently was sentenced to a term of imprisonment. (*Id.* at PageID.5–7.) It further appears that Plaintiff has fully served any sentence he received and is not currently incarcerated. The relief Plaintiff requests is not entirely clear, but generously construed, he appears to seek a declaratory judgment and/or an injunction determining that his conviction was invalid. (*Id.* at PageID.6–8.)

Because Plaintiff does not allege that he is in custody, and a search of the Michigan Department of Corrections Offender Tracking Information System (OTIS) discloses no information concerning Plaintiff, including active or inactive sentences, it appears that Plaintiff's sentence has been completed. This Court thus lacks jurisdiction to issue habeas relief. "For a federal court to have jurisdiction to grant a petition for a writ of habeas corpus under § 2254, a petitioner must be 'in custody pursuant to the judgment of a State court.'" *Steverson v. Summers*, 258 F.3d 520, 522 (6th Cir. 2001) (quoting 28 U.S.C. § 2254(a)); 28 U.S.C. § 2241(c)(3) ("The writ of habeas corpus shall not extend to a prisoner unless . . . [h]e is in custody in violation of the Constitution or laws or treaties of the United States . . . ."). The United States Supreme Court has interpreted this provision to mean that "the habeas petitioner [must] be 'in custody' under the conviction or sentence under attack at the time his petition is filed." *Maleng v. Cook*, 490 U.S. 488, 490–91 (1989) (emphasis added) (citing *Carafas v. LaVallee*, 391 U.S. 234, 238 (1968)). "[O]nce the sentence imposed for a conviction has completely expired, the collateral consequences of that conviction are not themselves sufficient to render an individual 'in custody' for the purposes of a habeas attack upon it." *Id.* at 492.

The complaint is silent as to whether Plaintiff brings this case pursuant to 42 U.S.C. § 1983. In any event, assuming that he seeks some form of relief pertaining to his conviction under Section 1983, his claim is barred by the *Heck* doctrine. The *Heck* doctrine, enunciated in *Heck v. Humphrey*, 512 U.S. 477, 486–87 (1994), provides that "in order to recover damages for allegedly unconstitutional conviction or imprisonment, or for other harm caused by actions whose unlawfulness would render a conviction or sentence invalid, a § 1983 plaintiff must prove that the conviction or sentence has been [overturned]." *See Edwards v. Balisok*, 520 U.S. 641, 646 (1997) (emphasis in original). In *Heck*, the Court held that a state prisoner cannot make a cognizable claim

2

under Section 1983 for an allegedly unconstitutional conviction or for "harm caused by actions whose unlawfulness would render a conviction or sentence invalid," unless he shows that the conviction or sentence has been "reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such determination, or called into question by a federal court's issuance of a writ of habeas corpus." *Heck*, 512 U.S. at 486-87 (footnote omitted). The holding in *Heck* has been extended to actions seeking injunctive or declaratory relief. *See Edwards*, 520 U.S. at 646-48 (declaratory relief); *Clarke v. Stalder*, 154 F.3d 186, 189-90 (5th Cir. 1998) (claim for injunctive relief intertwined with request for damages); *Wilson v. Kinkela*, No. 97-4035, 1998 WL 246401, at *1 (6th Cir. May 5, 1998) (injunctive relief).

Because, as noted, it appears that this Court lacks habeas jurisdiction over Plaintiff's prior conviction, he must seek relief in the Michigan courts or by some other form of relief available through another branch of state government to invalidate his conviction before proceeding in this Court under Section 1983. Thus, Plaintiff's complaint is *Heck*-barred.

## CONCLUSION

For the reasons set forth above, I recommend that Plaintiff's complaint be dismissed without prejudice because it is barred by *Heck v. Humphrey*.

The Court must also decide whether an appeal of this action would be in good faith within the meaning of 28 U.S.C. § 1915(a)(3). *See McGore v. Wrigglesworth*, 114 F.3d 601, 611 (6th Cir. 1997). Good faith is judged objectively, *Coppedge v. United States*, 369 U.S. 438, 445 (1962), and an appeal is not taken in good faith if the issue presented is frivolous, defined as lacking an arguable basis either in fact or law. *See Dellis v. Corr. Corp. of Am.*, 257 F.3d 508, 511 (6th Cir. 2001). For the same reasons that I recommend dismissal of the action, I discern no good faith basis for an appeal and recommend that, should Plaintiff appeal this decision, the Court assess the $605.00 appellate filing fee pursuant to Section 1915(b)(1), *see McGore*, 114 F.3d at 610-11.

3

Date:  April 26, 2024                                     /s/ Sally J. Berens
                                                         SALLY J. BERENS
                                                         U.S. Magistrate Judge

## **NOTICE**

OBJECTIONS to this Report and Recommendation must be filed with the Clerk of Court within 14 days of the date of service of this notice. 28 U.S.C. § 636(b)(1)(C). Failure to file objections within the specified time waives the right to appeal the District Court's order. *See Thomas v. Arn*, 474 U.S. 140 (1985); *United States v. Walters*, 638 F.2d 947 (6th Cir. 1981).