UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

THOMAS KEVIN MOORE,

    Plaintiff,

v.

GRETCHEN WHITMER, et al.,

    Defendants.
_____/

Case No. 1:24-cv-403

Hon. Hala Y. Jarbou

## **ORDER**

Plaintiff, Thomas K. Moore, brings this action against Governor Gretchen Whitmer and Attorney General Dana Nessel. (Compl., ECF No. 1.) Moore contends that Whitmer, Nessel, and members of the Michigan Bar have been improperly allowing nolo contendere pleas for felony charges requiring imprisonment. (*Id.*, PageID.4.) Moore does not state a clear request for relief, but construing his complaint liberally, he seeks habeas corpus relief under 28 U.S.C § 2254 (challenging his nolo contendere plea as unlawful), additional relief under 42 U.S.C. § 1983 (challenging his conviction as unconstitutional), and declaratory relief that invalidates the practice of nolo contendere pleas.

On April 26, 2024, the magistrate judge entered a Report and Recommendation ("R&R") concerning Moore's complaint. (R&R, ECF No. 6.) The magistrate judge determined that the Court lacks habeas jurisdiction over Moore's prior conviction and, because his conviction has not been overturned by a state tribunal, the *Heck* doctrine bars any § 1983 claim. (*Id.* at 2-3.) The R&R also recommends that the Court determine an appeal would not be taken in good faith because the claim lacks an arguable basis either in fact or law. (*Id.* at 3.) Before the Court is Moore's objection to the R&R (ECF No. 7).

> Under Rule 72 of the Federal Rules of Civil Procedure,
>
> the district judge must determine de novo any part of the magistrate judge's disposition that has been properly objected to. The district judge may accept, reject, or modify the recommended disposition; receive further evidence; or return the matter to the magistrate judge with instructions.

Fed. R. Civ. P. 72(b)(3).

Because Moore is proceeding pro se, this Court will construe his objections liberally. *See Haines v. Kerner*, 404 U.S. 519, 520-21 (1972).

The magistrate judge correctly determined that the Court does not have habeas jurisdiction for Moore's claims and that relief under § 1983 is barred by the *Heck* doctrine. Moore did not object to these recommendations. He does not claim that he is still in custody or that his conviction was invalidated in any way. The Court adopts the R&R.

In his objection, Moore only reiterates a claim for declaratory relief on the general practice of nolo contendere pleas. Moore claims nolo contendere pleas can only apply to "misdemeanors not requiring punishment by imprisonment." *People v. Franchi*, 142 N.W.2d 881, 883 (Mich. Ct. App. 1966) (noting that, at the time, Michigan laws were "completely silent" on nolo contendere pleas). He wants the Court to invalidate the practice of nolo contendere pleas even though, since *Franchi*, Michigan law explicitly authorizes nolo contendere pleas, and Michigan courts—after accepting these pleas—must proceed to sentencing as if it were a guilty plea, even for felonies. Mich. Comp. Laws § 767.37; *see People v. Chilton*, 228 N.W.2d 210, 212 (Mich. 1975) (nolo contendere for armed robbery).

Moore does not have a cognizable claim for which he can seek this declaratory relief. As noted, he lacks habeas jurisdiction and does not have a claim under § 1983. Moore's objection reasserts a separate claim seeking declaratory relief; however, a declaratory judgment is a form of relief, not a claim in and of itself. 28 U.S.C. § 2201; *Skelly Oil Co. v. Phillips Petroleum Co.*, 339

U.S. 667, 671 (1950); *Mettler Walloon, LLC v. Melrose Twp.*, 761 N.W.2d 293, 317 (Mich. Ct. App. 2008).  Moore does not state a claim upon which relief can be granted.  His case will be dismissed.

Further, the Court adopts the R&R as it pertains to appeal.  Because the complaint lacks an arguable basis either in law or fact, an appeal would not be taken in good faith.  Should Moore appeal the decision, the Court will assess the $605.00 appellate filing fee.

Accordingly,

**ITS IS ORDERED** that the report and recommendation ("R&R") of the magistrate judge (ECF No. 6) is **APPROVED** and **ADOPTED** as the opinion of the Court, subject to the additional analysis in this order.

**IT IS FURTHER ORDERED** that Plaintiff's objection (ECF No. 7) to the R&R is **OVERRULED**.

**IT IS FURTHER ORDERED** that Plaintiff's complaint (ECF No. 1) is **DISMISSED WITHOUT PREJUDICE**.

**IT IS FURTHER ORDERED** that the Court **CERTIFIES** that an appeal would not be taken in good faith.  28 U.S.C. § 1915(a)(3).

Dated: September 19, 2024           /s/ Hala Y. Jarbou
                                    HALA Y. JARBOU
                                    CHIEF UNITED STATES DISTRICT JUDGE